# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:22-cr-00267-JLT-SKO |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR BAIL REVIEW |
| v. | (ECF No. 95) |
| SOSTENES QUINTERO LOPEZ, | |
| Defendant. | |

**I.**

**INTRODUCTION AND BACKGROUND**

On October 6, 2022, Defendant Sostenes Quintero Lopez ("Defendant") was indicted for multiple counts of drug trafficking: (1) use of communication facility to facilitate a drug trafficking offense (one count); (2) manufacture and attempted manufacture of methamphetamine (two counts) and (3) distribution of methamphetamine (one count). (ECF No. 14.) On September 23, 2022, Defendant was arrested and made his initial appearance. (ECF No. 8). On September 29, 2022, Defendant appeared with counsel for his detention hearing. (ECF No. 12). The Court detained Defendant as a risk of nonappearance. (ECF No. 13.) In its written order, the Court noted: (1) the nature and circumstances of the offense charged, including that the crime is a serious crime involving narcotics; (2) the history and characteristics of the Defendant, including that he has no known steady employment, has no known substantial

1  financial resources, and is an illegal alien and is subject to deportation; and (3) Defendant had
2  not rebutted the presumption(s) contained in 18 U.S.C. § 3142(e). (ECF No. 13.)

3  On September 21, 2023, Defendant filed a motion for bail review. (ECF No. 95.) On
4  September 25, 2023, the Government filed an opposition. (ECF No. 97.) On September 29,
5  2023, Defendant filed a reply. (ECF No. 100.) On October 4, 2023, Defendant filed a notice of
6  additional arguments in support of the motion for bail review. (ECF No. 103.) On October 5,
7  2023, the Government filed another opposition brief in light of the Defendant's additional filing.
8  (ECF No. 104.)

9  On October 6, 2023, the Court held a hearing on Defendant's motion. Defendant
10 appeared in custody with counsel Hristo K. Bijev. Counsel Antonio Pataca appeared on behalf
11 of the Government. Having considered the moving, opposition, reply, and additional briefing, as
12 well as the arguments presented at the hearing, the Court shall deny Defendant's motion for bail
13 review.

## II.

## LEGAL STANDARD

16 A bail hearing "may be reopened, before or after a determination by the judicial officer,
17 at any time before trial if the judicial officer finds that information exists that was not known to
18 the movant at the time of the hearing and that has a material bearing on the issue whether there
19 are conditions of release that will reasonably assure the appearance of such person as required
20 and the safety of any other person and the community." 18 U.S.C. § 3142(f). "Courts have
21 interpreted this provision strictly, holding that hearings should not be reopened if the evidence
22 was available at the time of the initial hearing." United States v. Ward, 63 F. Supp. 2d 1203,
23 1206 (C.D. Cal. 1999) (collecting cases); United States v. Terrone, 454 F. Supp. 3d 1009, 1017
24 (D. Nev. 2020) (same).

25 If a defendant passes that bar and the court reopens the detention hearing, then the
26 government must show a risk of nonappearance by a preponderance of evidence, United States v.
27 Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985), and danger by clear and convincing evidence,
28 United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Once a court determines that the

government has made the required showing, the Bail Reform Act allows the release of a defendant only if the court finds that a condition or combination of conditions would reasonably assure the defendant's appearance or the safety of the community.  Courts are to consider the factors provided in Section 3142(g) of Title 18 and make an "individualized" determination on the need for detention.  United States v. Scott, 450 F.3d 863, 874 (9th Cir. 2006); United States v. Hir, 517 F.3d 1081, 1086, 1090–93 (9th Cir. 2008).  The Section 3142(g) factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

### III.

### DISCUSSION

#### A.     The Parties' Filings

Plaintiff's initial motion indicated that after the detention hearing, Defendant's son was born very prematurely and needs extra care; and that Mileidi Corrales ("Corrales"), the child's mother, not only owns a home but is willing to serve as a third-party custodian.  (ECF No. 95 at 1.)  The motion indicates that Corrales is also Defendant's fiancé, that she and the child are both American citizens; that the child needs medical assistance; and Corralles had to quit her job to be able to take care of the child.  (ECF No. 95 at 2.)

In responding to the initial motion, the Government only addressed the new information of the birth of the child, arguments the Court discusses below.  (ECF No. 97.)

In the Defendant's reply, Defendant requests permission to submit additional exhibits. (ECF No. 100.)  Defendant emphasizes that Corrales is now agreeable to be a third-party custodian and that Defendant will live with her and his son in the house if he is released. Defendant also states this is the first time he has been arrested and charged, that he wants to live

here with his citizen wife[1] and child, wants to continue working in the fields, and to help his son. Defendant specifically argues the new information in this case that would establish changes in the risk that Defendant would fail to appear in court if release, is the birth of the child with medical problems, emphasizing when he was indicted, the son was not yet born, and now he requires medical care.  Further, Defendant's "fiancé/wife," spent months in the hospital caring for the child, and has not been able to work.  (ECF No. 100 at 3.)

In Defendant's last filing before the Court, Defendant proffers that: he is not accused of assault or violence; he has no criminal history; that the initial allegation of being a suspect in a sexual abuse of a minor is speculation; he has no failures to appear; he has a driver's license; and there are no guns or weapons alleged or involved. (ECF No. 103 at 1-2.) Defendant proffers at the initial detention hearing, he did not know Corrales was pregnant; and that "[w]e may all agree that this United States Citizen child will have better care at home than in Mexico in a rancho[,] I am not even sure if the child can even travel long distance at this time," and stating Corrales is also willing to surrender her passport, and the baby does not have a passport.  (ECF No. 103 at 2.) Defendant avers that recent phone calls potentially recorded in the jail indicate Defendant wants to be with his child and fiancé, that they are in the process of getting married in jail, which Defendant proffers bears on assuring reasonable appearance and safety of the community.

Finally, Defendant avers that his Fifth and Sixth Amendment rights to consult with counsel and review discovery are being infringed upon by his detention. (ECF No. 103 at 4).

**B.      Defendant's Motion shall be Denied**

Although not all proffered grounds are absolutely clear from the Defendant's filings, in the latest opposition, the Government summarizes that Defendant proffers that new information exists in the form of: (1) the premature birth of his child; (2) Mileidi Corrales serving as a third-party custodian; (3) the availability of Gilberto Pano to serve as a third-party custodian; and (4) an unsecured bond in the amount of $15,000.

---

[1] Defendant refers to Corrales as a wife in some parts, and fiancé or fiancé/wife elsewhere.

1       In the first filed opposition, the Government argued Defendant presented no new
2 information that has a material bearing on detention.  (ECF No. 97.)  The Government in the
3 most recent opposition states Defendant presents no new information besides the "birth" of the
4 child.  (ECF No. 104 at 2.)

5       The Court finds the proffered grounds are clearly not new information.  First, during the
6 initial detention hearing, the Defendant was aware Corrales may be pregnant (Supplemental
7 Pretrial Services Report, dated Sept. 29, 2022 at 2).  As the Government highlights, Pretrial
8 Services also interviewed Corrales and presumably determined she was unsuitable to serve as a
9 third-party custodian; at the time, Corrales had only been dating the Defendant for eight months
10 and was unaware of his prior residences or how long he had resided in this district; and when
11 coupled with the fact that the Defendant had previously discussed fleeing the country with his
12 girlfriend over the wiretap, it is clear why Corrales is not a suitable third-party custodian.
13 Similarly, Pretrial Services interviewed Mr. Gilberto Pano and determined he was not a suitable
14 third-party custodian, and Mr. Gilberto Pano previously offered to sign a $10,000 unsecured
15 bond, and the Court agrees offering $5,000 more, a  year after the initial detention hearing, does
16 not constitute new information for purposes of reopening the bail hearing.

17       The Court turns to discuss the birth of the child, in more detail, and concludes the birth of
18 the child with medical issues does not constitute new information as to support the reopening of
19 the bail hearing because it is not probative of the ability to appear or relevant to the safety of the
20 community, and even if it did qualify, the new information has "no material bearing on the issue
21 of whether there are conditions of release that will reasonably assure the appearance of such
22 person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f);
23 see United States v. Pimentel, No. CRIM.A. 11-40041-FDS, 2012 WL 1581160, at *1–2 (D.
24 Mass. Apr. 27, 2012) (arguing in part "[w]hile Pimentel has been incarcerated, his girlfriend
25 gave birth to their child, a daughter" stating "[a]rguably, all of these facts should have been
26 known to the Defendant at the initial hearing," but giving benefit of doubt and proceeding to
27 consider all new information).

28       The Court agrees with the Government that to the extent that the Defendant's argument

can be interpreted as a request to be released in order to provide financial assistance for his family, this information has no material bearing on the issue of safety or nonappearance. See United States v. Rains, No. 22-CR-18 (NSR), 2022 WL 4534540, at *2 (S.D.N.Y. Sept. 28, 2022) ("[C]ases in this Circuit have rejected bail modification requests where a family member's health conditions did not relate to the determination of whether defendant is a flight risk or danger to society.") (collecting cases); United States v. Hunnicut, No. 17-cr-00301-PAB, 2022 U.S. Dist. LEXIS 222692, at *9 (D. Colo. Dec. 8, 2022) (finding defendant's request to modify conditions of release to allow him to work because he obtained custody of his infant son and had continuing child support obligations had no material bearing on nonappearance and danger to the community); but see United States v. Parish, No. 1:21-cr-127-14, 2022 U.S. Dist. LEXIS 153761 at *8 (S.D. Ohio Aug. 25, 2022) (concluding that birth of defendant's daughter and death of father meet the materiality requirement because they would suggest defendant's risk of flight is lower since defendant needs to remain in the area).[2]

In this case, aside from averring he wants to work in the fields, the Court agrees Defendant offers no information about how he could assist his family. Specifically, the Government highlights Defendant's immigration status may deny him the ability to work in the United States absent additional approval by the United States that the Defendant can work in the United States despite his status; that prior to his arrest, the Defendant told Pretrial Services he was unemployed, which was further corroborated by wire interceptions during the investigation, with his sole source of income appearing to be from drug trafficking.; and now, Corrales resides with her sister, is currently receiving SSI benefits for the child, disability benefits for herself, and has applied for In-Home Supportive Services to assist with childcare. Therefore, nothing the Defendant has provided to date bears materially on his risk of nonappearance or danger to the community.

Even if giving Defendant the benefit of the doubt and considering the new information,

---

[2] See also Reyes-Corado v. Garland, 76 F.4th 1256, 1262 (9th Cir. 2023) (in the immigration context, noting a " 'self-induced change in personal circumstance[,]' such as a child's birth in the United States[,] does not suffice for changed country circumstances purposes." (quoting Kaur v. Garland, 2 F.4th 823, 830 (9th Cir. 2021))).

Pimentel, 2012 WL 1581160, at *1–2; Parish, 2022 U.S. Dist. LEXIS 153761 at *8, the Court finds Defendant has asserted no new circumstance that bears on any of the reasons already given by the Court in the initial bail determination: his crime is still serious, the evidence against him is the same, he's asserted no change to his employment or financial circumstances, his immigration history carries the same concern as it did before, the rebuttable presumption that the Court found unrebutted remains, and nothing about the premature birth of Defendant's child changes his incentives to flee. See Pimentel, 2012 WL 1581160, at *2 (court maintained Defendant was danger to community, and did not discuss new child as material factor other than noting one custodian location was not preferred due to location of children, and also noting that defendant remains a danger to original community where other custodian located).

### C. Defendant's Aversion to Constitutional Violations

The Court agrees with the Government that it is unclear, and that Defendant has offered insufficient explanation, how his Fifth Amendment rights are being infringed. With respect to the Sixth Amendment, the Defendant claims that he is unable to regularly consult with his attorney and that it is time-consuming to review all discovery while detained. The Court agrees with the Government that Defendant's claim is unavailing, as by his own admission, the Defendant has consulted with his client and reviewed discovery. Further, the Supreme Court has explained that "[n]ot every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel." Morris v. Slappy, 461 U.S. 1, 11, 13-14 (1983) ("The Sixth Amendment does not guarantee a meaningful relationship with counsel."). The fact that his pretrial detention makes these tasks more difficult do not amount to constitutional violations, and Defendant has not demonstrated otherwise.[3]

/ / /

/ / /

/ / /

---

[3] The Court does not foreclose Defendant's ability to bring a more developed constitutional challenge, however, as presented, the arguments are essentially an afterthought tacked onto the Defendant's supplement to the bail review motion. (See ECF No. 103 at 4.)

7

## IV.
## ORDER

For the reasons explained herein, as well as the reasons stated on the record, Defendant's motion for bail review and release on conditions (ECF No. 95) is DENIED.

IT IS SO ORDERED.

Dated: __**October 6, 2023**__

UNITED STATES MAGISTRATE JUDGE